# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1292V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JAMES E. BLACK,                    *      Special Master Oler
                                   *
                                   *      Filed: May 8, 2018
               Petitioner,         *
       v.                          *      Petitioner's Motion for a Decision;
                                   *      Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                *      Act; Denial Without Hearing.
AND HUMAN SERVICES,                *
                                   *
               Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Kathryn Ann Robinette*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On October 7, 2016, James E. Black filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed systemic allergy symptoms and an egg allergy as a result of an influenza vaccination that he received on October 11, 2013. Petition, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records between the filing of his Petition and late November 2016, Petitioner filed his Statement of Completion on November 28, 2016. ECF No. 10. Thereafter, Respondent filed a Rule 4(c) Report on January 12, 2017, contesting Petitioner's right to damages, and suggesting that vaccine compensation be denied. ECF No. 13.

Petitioner was given deadlines to file his expert report, and on September 14, 2017, Petitioner filed a motion for judgment on the administrative record. ECF No. 23. This case was assigned to my docket on December 6, 2017. ECF No. 28. I held a status conference on March 7, 2018, and set a deadline for Petitioner to file a status report by April 6, 2018. ECF No. 32. Petitioner filed a status report on April 5, 2018, notifying the Court of Petitioner's intent to file a request for a dismissal decision. ECF No. 33. In light of Petitioner's status report, I ordered Petitioner to file a motion to dismiss by May 7, 2018.

On May 7, 2018, Petitioner filed the present motion to dismiss his non-table claim, indicating that "[a]n investigation of the facts and current medical science relating to [his] injury reveals that [he] will be unsuccessful proving entitlement to compensation in the Vaccine Program." *See* Petitioner's Motion for Decision Dismissing Petition, ECF No. 35.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master